IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs December 4, 2017

## JEFFREY BRYAN DUGGAN v. MICHELLE DENISE DUGGAN

Appeal from the Chancery Court for Tipton County
No. 25871      William C. Cole, Chancellor

_____

No. W2016-02496-COA-R3-CV

_____

Wife challenges the trial court's correction of the final divorce decree pursuant to Tenn. R. Civ. P. 60.01 by correcting the type of alimony awarded and adding an end date for the payment of alimony.  Finding no abuse of discretion, we affirm the decision of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed**

ANDY D. BENNETT, J., delivered the opinion of the Court, in which CHARLES D. SUSANO, JR., and KENNY W. ARMSTRONG, JJ., joined.

Vicki L. Green, Millington, Tennessee, for the appellant, Michelle Denise Duggan.

Autumn Blaise Chastain, Memphis, Tennessee, for the appellee, Jeffrey Bryan Duggan.

## OPINION

Michelle Denise Duggan ("Wife") filed a complaint for divorce against Jeffrey Bryan Duggan ("Husband") on March 5, 2008.  A final hearing was held on October 14, 2010, and the trial court entered a final decree on June 30, 2011.  The final decree states, in pertinent part, as follows:

> 4.  It further appearing to the Court that the Plaintiff has been a homemaker and is currently in school with an anticipated date of graduation being in August, 2011, and it is further anticipated that the Plaintiff will finish all her prerequisites and will at that point in time be qualified to teach school.
> 5.  It appearing to the Court that the Plaintiff is economically disadvantaged as compared to the Defendant; that there is a need for alimony and an ability to pay.

6. It further appearing to the Court that the Defendant should pay to the Plaintiff a total monthly sum of $2,300.00, of which $854.00 is child support and the remaining amount shall be deemed rehabilitative alimony.

In July 2013, Wife filed a petition for civil contempt and to modify the parenting plan and child support. As a result of this petition, the trial court entered an order on March 5, 2014, providing, *inter alia*, that "[e]xcept as expressly modified by the terms of this Order, all terms of the . . . June 30, 2011 Final Decree of Divorce shall remain in full force and effect."

In April 2016, Husband filed a petition to modify child support based upon the parties' older child reaching the age of majority. Wife admitted that the child had reached majority but denied that Husband was entitled to a reduction in child support. The matter was heard on June 27, 2016, and, on August 18, 2016, the trial court entered an order reducing Husband's child support obligation.

On August 18, 2016, Husband filed the pleading at issue here: a "Motion to Correct Final Decree to Classify the Type of Alimony and Include the Ordered End Date." In his motion, Husband alleged, in pertinent part, the following:

4. Counsel submits that the order entered does not accurately reflect the order of the court as it contains clerical mistakes and that such errors were articulated to counsel for the Mother prior to submission of the order.

5. Specifically, the order incorrectly identifies the alimony as Rehabilitative Alimony, but the court ordered the alimony as transitional alimony to the Mother which would be modifiable. Secondly, though the order includes the paragraph indicating that Mother would complete her schooling and be eligible to teach in August of 2011, it does not specifically include that August 2011 would be the end date for the transitional alimony as ordered by the court.

6. Counsel for Mr. Duggan respectfully asks this court to correct the errors of those orders and submits in support of the motion the following:

    A. Counsel for Mr. Duggan and Counsel for Mother met with Ms. Ziarko, attorney for mother at the time of the divorce and reviewed her file. A review of Ms. Ziarko's file indicated that Ms. Ziarko had received the correspondence from attorney for Mr. Duggan regarding the errors with the proposed order. The review of the file also revealed that Ms. Ziarko had not informed Counsel that she submitted the order. Attached is the letter from Ms. Ziarko's file from attorney for Father.

    B. Counsel for Mr. Duggan has attached her notes from the trial which indicate the alimony was to be Transitional Alimony in the amount of $1446 and was to end August 2011.

C.  Counsel for Mr. Duggan has also included the Court blotter for the hearing which also reflects that the alimony was to be Transitional Alimony.

D.  Counsel for Mr. Duggan also points out that Mother knew that Mr. Duggan did not owe the continued alimony when the Order on her Petition for Civil Contempt and to Modify Parenting Plan and Child Support filed December 2013 was entered in March 2014.

E.  Father has never missed a payment ordered for support, alimony, or property/debt division payments since the divorce.

F.  Only after receiving the final payment of the school loan debt and the modification of child support when the oldest child graduated high school did Mother proceed on the theory that Mr. Duggan owed the alimony beyond August 2011 and she did so by filing that the money be enforced by an administrative wage assignment in the State of Mississippi.

Husband asked that the final decree be corrected to identify the alimony as transitional and to add language to show August 2011 as the end date for the alimony.

Wife entered a response in opposition to Husband's motion to correct the final decree with respect to alimony.  She admitted that the word "rehabilitative" should be changed to "transitional."  Otherwise, she asserted that the decree represented the order of the court.  Wife admitted that counsel for Husband sent a letter dated June 11, 2011, to attorney Elizabeth Ziarko.  She further responded:

A./B.  . . . Counsel would further show to the Court that the Clerk of the Court, on January 12th, 2011, notified counsel for both parties that no order had been entered.  That in April of 2011, Ms. Ziarko forwarded her proposed order to the attention of counsel for [Husband], and suggested that if she did not agree with the wording in the proposed decree that she should prepare her own version, and both should be submitted for the Court's approval.  Ms. Ziarko received no alternative proposed order, and submitted her order to the Court.  On June 21st, 2011, counsel for [Husband], instead of an order, suggested changes to the order that had already been submitted, and . . . the submitted order was entered by the Court on June 30th, 2011. . . .
C.  Counsel for the Respondent did not receive a copy of the attachments to the motion but assumes the Court docket blotter speaks for itself with regard to the transitional alimony.
D.  Respondent denies the allegations in subparagraph (D) of the Motion to Correct Final Decree to Classify the Type of Alimony and Include the Ordered End Date, and if her rights are to be affected thereby, demands that [Husband] provide evidence thereof.

E.  Respondent denies the allegation in subparagraph E. of the Motion to Correct Final Decree to Classify the Type of Alimony and Include the Ordered End Date, and would show to the Court that [Husband] is substantially in arrears with regard to the payment of transitional alimony.

F.  Respondent admits that she has sought the assistance of the State of Mississippi to collect on back due sums, and would show to the Court that she has limited resources with which to proceed against the financially more secure [Husband].  All other allegations are speculative and therefore are denied, and if Respondent's rights are to be affected thereby, she demands strict proof thereof.

This matter was heard before the trial court on August 25, 2016.  The court determined, in its order entered on October 20, 2016, that the final decree contained clerical errors and an omission that should be corrected pursuant to Tenn. R. Civ. P 60.01.  The court, therefore, ordered as follows:

1.  That the Alimony erroneously listed as "Rehabilitative Alimony" in the Final Decree presented in this case should be corrected to read "Transitional Alimony" as reflected in the court blotter and the recollection of the court and that the Transitional Alimony was modifiable.

2.  The Transitional Alimony was not intended to last indefinitely, certainly not to August 2016, and was to correspond with Mother graduating and that this intent was erroneously omitted from the Final Decree.

3.  The court finds that any alimony already received up to the date of August 25, 2016, that had already been collected through the Mississippi Department of Human Services, State Disbursement Unit, P.O. Box 23094, Jackson MS 39225-3094 under Case Number 619101588A shall not be repaid by Mother.  No Cause Number is associated with this matter as there is no Mississippi Order, but instead was an administrative action to garnish alimony taken by the State of Mississippi as requested by Mother.

4.  As of August 25, 2016, no alimony arrearage is owed and as such the arrearage is set at zero ($0); any obligation to pay alimony is terminated.[1]

5.  This Order is intended to correct the clerical [errors] of the Final Decree of Divorce specifically stated above and does not alter or amend any other provisions of the Final Decree.

Wife appeals from the trial court's October 20, 2016 order and argues that the court erred in retroactively modifying the final divorce decree to end the alimony.

---

[1] According to Husband's brief, he discontinued his alimony payments as of August 2011.

ANALYSIS

Rule 60.01 of the Tennessee Rules of Civil Procedure provides, in pertinent part:

> Clerical mistakes in judgments, orders or other parts of the record, and errors therein arising from oversight or omissions, may be corrected by the court at any time on its own initiative or on motion of any party and after such notice, if any, as the court orders.

Rule 60.01 applies "to correct errors in a judgment which cause the judgment to fail to reflect the court's ruling accurately." *Addington v. Staggs*, No. 88-214-II, 1989 WL 5453, at *3 (Tenn. Ct. App. Jan. 27, 1989); *see also Anderson v. Anderson*, No. W2007-01220-COA-R3-CV, 2008 WL 5263384, at *6 (Tenn. Ct. App. Dec. 17, 2008) (quoting *Addington*).

In reviewing a trial court's decision to grant or deny a Rule 60.01 motion, an appellate court applies an abuse of discretion standard. *Jackman v. Jackman*, 373 S.W.3d 535, 541 (Tenn. Ct. App. 2011). A trial court abuses its discretion when it "causes an injustice by applying an incorrect legal standard, reaches an illogical result, resolves the case on a clearly erroneous assessment of the evidence, or relies on reasoning that causes an injustice." *Gonsewski v. Gonsewski*, 350 S.W.3d 99, 105 (Tenn. 2011) (citing *Wright ex rel. Wright v. Wright*, 337 S.W.3d 166, 176 (Tenn. 2011)). Under the abuse of discretion standard, the appellate court's role is not to substitute its judgment for that of the trial court, but rather to presume that the trial court's decision is correct and to review the evidence "in the light most favorable to the decision." *Id.* at 105-06 (citing *Wright*, 337 S.W.3d at 176).

In the present case, based upon the record, we find no abuse of discretion in the trial court's order correcting the final decree pursuant to Tenn. R. Civ. P. 60.01. In its order, entitled "Order Correcting Error in Final Decree Classifying the Type of Alimony and Including the Ordered End Date," the court provided that it was correcting the decree "as reflected in the court blotter and the recollection of the court." Specifying an end date for the alimony is consistent with the provision of the final decree stating that Wife was "in school with an anticipated date of graduation being in August, 2011," at which point she would be "qualified to teach school." The court also stated: "This Order is intended to correct the clerical orders of the Final Decree of Divorce specifically stated above and does not alter or amend any other provisions of the Final Decree."

CONCLUSION

The judgment of the trial court is affirmed, and this matter is remanded with costs of appeal assessed against the appellant, Michelle Denise Duggan. We deny the appellee's request for attorney fees on appeal.

_____
ANDY D. BENNETT, JUDGE